Good morning, Your Honors, and may it please the Court, Anthony Bornstein on behalf of the Petitioner. Your Honor, the issues in this appeal are whether what we contend is the ineffectiveness of Mr. Liston's post-conviction counsel can constitute cause in this case for the default of his federal habeas corpus claims. And related to that is the issue of whether he should be entitled to a remand for the evidentiary hearing that he requested in the district court. And the scope of the evidentiary hearing is what? Well, what he would seek to offer is evidence in support of the claims to, consistent with this Court's decision in Dickens v. Ryan, place them in what would be a significantly different evidentiary posture than that which existed in the state post-conviction circuit court proceedings. And you've made no proffer or suggestion of what that evidence might be. You're talking about an evidentiary gap or a shortfall. But Dickens was a fully exhausted claim. And Dickens churned on the, as I read the opinion, notion that investigation by habeas counsel, PCR counsel, that is in the federal court, had come up with evidence, subjective evidence of his mental impairment so that there was something concrete that the court said converted it into a substantially different claim. There's no showing in this case. Well, I agree to date there is no showing, Your Honor, but I would submit that the type of evidence we would seek to offer in an evidentiary hearing would be subsumed within the claims that he makes in the federal. Would you ordinarily submit affidavits or declarations or something to demonstrate what kind of evidence you're talking about? Well, I agree that would probably be the better way to do it, Your Honor. But let me give you an example of what the kind of evidence that would be offered in this case. For instance, the issue in this case was whether in the type of restraint that the petitioner used on the child was sexual in nature or as he contended a type of restraint due to the child's severe autism. One of the claims that he brings in this proceeding is that the lawyer who defended him in the underlying criminal trial should have offered an autism expert who could have then authoritatively discussed the types of behaviors that would be exhibited in a child afflicted with this illness in a very severe way and also would be able to explain the safety issues involved with, you know, potentially the child hurting herself or leaving the house. So, you know, although we didn't submit an affidavit from, for example, an autism expert, I think that, you know, he's very clearly explaining that, that that's what the counsel should have offered and that's the kind of evidence that we would put forward to again place the showing in the case, in the claim, in a different and substantially different evidentiary posture. I guess you used the term evidentiary default, but is it any, I mean are you doing anything different than a Diggins claim here, than a Diggins new claim? I know, leave aside the problems with the record at this point. I mean what is it you're conceptually arguing that hasn't already been decided in Diggins anything? Well, I would definitely agree that the kind of the broader claims that are alleged here in the federal proceeding or that were alleged in the pro se petition largely mirror the more specific claims, which numbered, I believe, 78. I'm trying to say, is there some space between a Diggins new claim, which therefore can go forward into a penholster problem and so on if adequately demonstrated, which is what we're questioning here, and a quote evidentiary default, which is some lesser amount of new evidence, which doesn't make it a new claim but still makes it an evidentiary default and therefore subject to Martinez. Is that what you're saying? That it puts the claim in such a, consistent with the language in Diggins, I would submit that the new evidence would put the claim in such a different evidentiary light that it would amount to a new claim. Is that what you're saying? You're not saying that there's some category of new evidence that would not make the Diggins new claim standard but would still give rise to a bad Martinez claim? You're not saying that? Right. Correct me if I'm not saying that. I'm not saying that there was a significant difference in the way the claims were pled in the state court versus the way they were. No, I'm trying to understand whether your theory is anything different than a Diggins theory. Is anything different than Diggins? I think that the difference between this case and Diggins, the primary difference was that in Diggins, the court referred to it as a naked claim of ineffectiveness pertaining to mitigation in the state post-conviction proceedings. Whereas in Diggins, he came forward with and pled a more specific, detailed failure of counsel to produce the expert on organic brain damage and fetal alcohol syndrome. What they said, to quote, was new factual allegations. And you have not made any new factual allegations. The federal petition does not recite that kind of new factual allegation. Unless you're agreeing with me then. I would agree that based on this record, that is a difference with Diggins and that claims largely do mirror the claims that were pled in the state post-conviction proceeding. But, again, it's the evidentiary default that we are relying on. What case uses the term evidentiary default that would favor your reading? I don't know there's a case that actually uses that phrase, Your Honor, arguing that it flows from the reasoning in Martinez and does not in any way undercut, for instance, the pinholster case. Well, that's what my difficulty is. Diggins found a way to distinguish Martinez. So, basically, I'm looking at Diggins and say our circuit has already examined an extension or an avoidance claim of Martinez, or an enhancement, if you will, of Martinez and an avoidance of the bar of pinholster. And I'm trying to understand what you would have us do here, which it sounds like you want us to now extend Diggins. Well, I would say that I think one of the best pronouncements that kind of captures that notion of an evidentiary default was in a dissent from the denial of certiorari in an opinion that Judge Breyer said where he wrote that a claim without any evidence to support it is no claim at all. And that, even though it doesn't use the term evidentiary default. The problem is you still have no evidence to support it. That's the problem. That's what makes this case a difficult one in which to reach this intercession issue. You still have no evidence to support it. I'm sorry? You still have no evidence to support it. Well, we asked, I mean, the final line in our district court pleading was to ask for a Martinez hearing on cause, Your Honor. And the court found it unnecessary to have a hearing. It found that the default was at the appellate level and that therefore there was no need for a hearing. So it was a. . . Let me understand that. My understanding at the appellate level was that there was a supplemental brief filed by your client. And did he raise, what did he raise in the supplemental brief? He raised the problems that he had with post-conviction counsel. He didn't raise these same issues again. Right. So what about that? Why is it the default? Well, that kind of ties in, I think, very nicely with our argument and is related to it is that the post-conviction lawyer, as we contend, was ineffective in producing evidence. So Mr. Liston was reciting problems that he encountered in getting his post-conviction lawyer to do things. So. . . I'm sorry, I'm not understanding. Are you disagreeing? Do you think that you could have a Martinez claim at the appellate level? In this respect, the fact that there was this failure at the appellate level to raise the underlying ineffectiveness claims was based on, as we argued below, the failure of the post-conviction lawyer to submit evidence in support of the claims. And that's what Judge Simon picked up on in saying that this Court wouldn't need to decide whether that kind of peculiar sequence should fit within the Martinez exception. Okay, you're out of time. I'll give you one minute. Thank you. Thank you, Judge. May it please the Court, Rebecca Otten on behalf of the Respondent Superintendent. An issue in this case is whether Martinez applies when a post-conviction petitioner raises a claim in state post-conviction, has that claim decided on the merits, and then fails to raise that claim on appeal. Well, we know at least one answer to that in Dickens, right, which is that, and leave aside whether there was a default at the appellate level at the moment, if he came ahead and come in with a whole bunch of evidence and done before, then why would it just be a Dickens standard? I would agree that Dickens is the standard that this Court has set forth. It's not true that just because he raised some bare-bones allegations that didn't actually have any content to them, had no backing for them at all, that he's totally cooked at that point if he had come up with something later on which was sufficient to make a new claim, right? Under Dickens, that's correct. I mean, the Superintendent disagrees with Dickens but recognizes that that is what a majority of this Court has held. And the other distinguishing fact from the hypothetical of a bare-bones petition in this case is that that's not what happened. Here, post-conviction counsel offered over 80 exhibits in the state post-conviction trial. So it's not a case where we just have bare allegations and no evidence. But were there such a case, and were a petitioner to, then in federal habeas, raise factual allegations and evidence that placed the claim in a significantly different and stronger evidentiary posture than under Dickens, that would now be a new claim. Therefore, it would have been procedurally defaulted at the state trial court level and Martinez would apply. And it wouldn't matter if it was not, quote, defaulted at the appellate level then? Well, at that point, once it's a new claim, it was, of course, then defaulted at the state trial court level because it wasn't raised there because it's a new claim. So the default on appeal, that's correct, would not matter at that point. To follow counsel's argument, his argument is, in Dickens, the federal habeas counsel had proof, objective proof, if you will, of the mental defect of Dickens that in what they called the naked Strickland claim, the IAC claim, had not been developed or presented by the PC, well, in the state proceedings. And so counsel is arguing, well, then why can't he, that is, Mr. Liston, get a hearing to show that had there been an adequate investigation, it would have turned up objective evidence that would have, in the language of Dickens, fundamentally altered the legal claim or placed the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it. That is, let's suppose he had alleged that they have an expert who will testify that the restraints on the victim were in fact standard procedure for children who have autism. That that's medically recognized. She's examined all of the photographic evidence and testimony, and it's conclusive. So why under the Dickens formulation wouldn't that give counsel or give Liston a shot at presenting an enhanced and essentially new claim? Well, if he had made those allegations, he would have a much stronger argument that this case falls under Dickens. Of course, in this case, he made no such allegations, presented no such evidence, or made no such argument in any of the briefing in the district court or in this court. I mean, specifically as to the example he gave about the autism expert, that was resolved in the state post-conviction court. Trial counsel offered an affidavit in which she explained that she did investigate autism experts and could not find one that would say that tying a victim naked to a bed or even in a towel to a bed was an appropriate way of restraining a person with autism. So, I mean, that particular claim, I think, would not be a substantial claim, even if he had additional evidence of it. But the key problem in this case is that he has presented no new allegations or evidence to demonstrate that he has presented a new claim under Dickens. And certainly the district court would have had discretion to deny an evidentiary hearing without any allegations or evidence, such as affidavits, any documentary evidence, to support the idea that he actually had found new evidence in federal habeas, because an evidentiary hearing would be pointless if there's no new evidence to present. So, to touch for the impression one might get by reading the briefs here, you're basically in legal agreement with the petitioner. I think that's correct. I mean, as long as petitioner agrees that Dickens v. Ryan is the standard, the superintendent agrees that that is the correct statement. But then all the high-thumb language about how this all conflicts with Penn-Holster and all that isn't true. Well, again, as noted in a footnote in the superintendent's brief, the superintendent does disagree with Dickens, but that is the holding of this case, of this court, and that is how the court has distinguished cases from Penn-Holster, because it is now a new claim. It is not a claim that was decided on the merits in the state court. Besides which, all this evidence is being introduced for a different purpose, at least initially it's being introduced for the purpose of demonstrating the Martinez claim, not on the merits of a habeas claim. I mean, that's the key point as to why there's no conflict with Penn-Holster. Well, yes, although ultimately, if then. Ultimately, it's a decision that there wasn't a decision on the merits. Therefore, Penn-Holster doesn't apply. Correct. It's not all that complicated. Correct. And the superintendent agrees. And the superintendent's, you know, when writing the brief, she understood that there was not a Dickens claim here, that Mr. Liston was not arguing that Dickens. But now he says there is. And so the superintendent agrees that Dickens controls and that this case simply does not fall under Dickens. Anybody else? Unless the court has further questions. Well, one other thing. I mean, the other thing that you, I thought, were arguing largely was that because there was an appellate default, the rest of it didn't matter. Again, you're not sticking with that at this point. If there were, if there's a Dickens, sufficient Dickens claim. If there were a sufficient Dickens claim, then the default would be. It wouldn't make much sense to me anyway because the whole point of Martinez is that you're supposed to know what's shot and if you didn't get that. And that's why an appellate, you don't have an appellate Martinez claim. So if you don't have an appellate Martinez claim, it seems to me, you have to be looking at what happened in the trial court. And if you didn't get a shot at the trial court, what happened to it? Actually, the appellate level really oughtn't to matter. Well, I think Dickens sort of resolves that concern by saying if it was a bare-bones claim at the state post-conviction trial court and it's a claim with significantly different evidence in federal court, then it's now a new claim. It was defaulted in the state trial court and then it doesn't matter that it was defaulted on appeal. But because the claim in this case is the same claim that was raised in the state post-conviction court and he has not demonstrated that it's a new claim under Dickens, it does matter that the default occurred in the appellate court because Martinez does not apply in that situation. And unless the court has further questions, the superintendent would respectfully request that this court affirm. Thank you. Thank you. Your Honor, just in light of the court's February 25th order on the application of Dickens, my main point and conclusion would be that the introduction of new evidence at a Martinez hearing could place the claim in a significantly different evidentiary light that it becomes effectively a new claim. And unless the court has additional questions, that would be our conclusion. Thank you very much. Thank you.
judges: Fisher, Berzon, Watford